IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRION BONNER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-2866-BH |
| | § | |
| ANDREW SAUL, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
|     Defendant. | § | Consent[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiff's Motion for Award of Fees Pursuant to 42 U.S.C. § 406(B)*, filed October 11, 2019. (doc. 24.) Based on the relevant filings and applicable law, the motion is **GRANTED**.

## I. BACKGROUND

On March 16, 2015, Darrion Bonner (Plaintiff) filed a complaint seeking reversal and remand of the decision by the Commissioner of Social Security (Commissioner)[2] to deny his claims for disability insurance benefits under the Social Security Act. (doc. 1.)[3] On March 6, 2019, the Commissioner's decision was reversed, and the case was remanded for further proceedings. (docs. 18, 19.) Plaintiff then moved for, and was awarded, attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $6,227.22. (docs. 22, 23.)

On remand, the Commissioner rendered a decision in favor of Plaintiff and awarded past-due

---

[1]By order dated February 5, 2018 (doc. 13), this social security appeal was referred for full case management.

[2]At the time this appeal was filed, Nancy A. Berryhill was the Acting Commissioner of the Social Security Administration, but Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019, so he is automatically substituted as a party under Fed. R. Civ. P. 25(d).

[3]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

benefits in the amount of $54,053.50. (docs. 24-1 at 1; 24-3.) As provided by a contingency fee agreement, Plaintiff now seeks approval under § 406(b) of the Social Security Act to pay his attorney fees in the amount of $13,513.38, which represents less than 25% of the past-due benefits he received. (docs. 24-1 at 1; 24-2.)

## II. ANALYSIS

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While § 406(a) governs the award of attorney's fees for representing a claimant in administrative proceedings, § 406(b) governs the award of attorney's fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A).[4] While § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," agreements that provide for fees exceeding 25 percent of past-due benefits are unenforceable. *Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, however, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular

---

[4]The Supreme Court recently clarified that this 25 percent cap only applies to fees for court representation and does not include fees awarded under § 406(a) for agency representation. *See Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)").

cases." *Id.*[5]

The reasonableness of attorney's fees awarded under a fee-shifting statute is generally determined by using the lodestar method.[6] *Jeter v. Astrue*, 622 F.3d 371, 378 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 801). Noting that § 406(b) is not a fee-shifting statute, however, the Supreme Court has explicitly rejected the use of the lodestar method as the starting point in determining the reasonableness of a fee under this statute. *See Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give the contingency fee agreement 'primacy'", although this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order [to disallow windfalls for lawyers]." *Id.* at 808 (citations and quotations omitted). Courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall, but only if they "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 380. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. *Jeter*, 622 F.3d at 381. It has noted with approval several factors

---

[5]The Commissioner has declined to assert a position on the reasonableness of Plaintiff's fee request, but does submit that the requested amount "is not excessive on its face when considered as a lodestar." (doc. 26 at 4.) As the Fifth Circuit has noted, the Commissioner has no direct financial stake in the fee determination; rather, his role resembles that of a "trustee" for the claimant. *Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6). Questioning the reasonableness of the fees sought appears consistent with this role.

[6]This method consists of multiplying a reasonable number of hours by a reasonable hourly rate. *Raspanti v. Caldera*, 34 F. App'x 151 (5th Cir. 2002); *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. 2000) (citations omitted).

considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17. The award under § 406(b) will be offset by any EAJA fees awarded.[7] *Id.* at 796; *accord Jackson v. Astrue*, 705 F.3d 527, 529 (5th Cir. 2013) ("Attorneys who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b), but . . . must refun[d] to the claimant the amount of the smaller fee.") (citations and internal quotation marks omitted).

With regard to the first factor, courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-CV-056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that on average only 35 percent of claimants who appealed their case to federal court received benefits), *adopted by* 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *adopted by* 2012 WL 4471813 (E.D. La. Sept. 27, 2012). Here, counsel faced a substantial risk of loss, as Plaintiff had lost at all levels of the administrative proceedings. (*See* doc. 13.)

Counsel's resulting hourly rate of $520.00[8] falls well below amounts that have been

---

[7] The EAJA authorizes an award against the Government for reasonable fees in "civil action[s]." *See* 28 U.S.C. §§ 2412(d)(1)(A) and (2)(A).

[8] Counsel's hourly rate was determined by first discounting the 35.47 hours of attorney work devoted to this case by 9.71 hours, and then dividing the amount sought of $13,395.20 by the remaining 25.76 hours. (*See* doc. 24-1 at 1.)

4

approved by courts as reasonable. *See, e.g., Sabourin v. Colvin*, No. 3:11-CV-2109-M, 2014 WL 3949506, at *1-2 (N.D. Tex. Aug. 12, 2014) (finding that the "de facto hourly rate of $1,245.55 per hour" did not constitute an unearned windfall but fair compensation for attorney's fees under § 406(b)); *Prude v. U.S. Comm'r, Soc. Sec. Admin.*, No. 11-CV-1266, 2014 WL 249033, at *2 (W.D. La. Jan. 22, 2014) (finding that the resulting hourly fee of $937.50 was reasonable in light of factors "such as the few attorneys in the area who will handle a disability appeal," "the lack of compensation in the many unsuccessful cases," and the fact that the fee was "not attributable to anything other than the attorney's own work"). The resulting hourly rate requested here, therefore, seems reasonable.

Moreover, counsel provided effective and efficient representation, expending over 25 hours reviewing the evidence, researching the issues, and drafting a 20-page brief and a 9-page reply brief that identified and analyzed two legal issues. (*See* docs. 24-1 at 2; 15; 17.) Given the multiple denials at the administrative level, the attorney's success in both the appeal and subsequent administrative hearing appears to be attributable to his own work. The contingency fee requested in this case represents less than 25 percent of the past-due benefits awarded to Plaintiff. (*See* doc. 30 at 2-3.) Finally, while certainly not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25 percent fee. (doc. 24-2); *see Jeter*, 622 F.3d at 381-82; *see also Brannen*, 2004 WL 1737443, at *6 ("When, as here, the agreement calls for a fee of twenty-five percent of past-due benefits—*the same percentage allowed by statute*—the fee contemplated by the agreement, if not presumptively reasonable, is at least a forceful starting point and solid benchmark." (emphasis original)).

After weighing the relevant factors, the Court finds that the requested contingency fee award

5

in the amount of $13,395.20 is reasonable.[9]

### III.  CONCLUSION

Plaintiff's motion is **GRANTED**, and his counsel is awarded $13,395.20 in attorney's fees out of Plaintiff's past-due benefits under 42 U.S.C. § 406(b).

**SO ORDERED** on this 23rd day of March, 2020.

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[9] As noted, Plaintiff's counsel was previously awarded EAJA fees. (*See* doc. 23.) In such instances, counsel is required to "refund to [Plaintiff] the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796. Here, Plaintiff's counsel represents that he will properly reimburse the $6,227.22 that he received under EAJA. (*See* doc. 24-1 at 3.)